VINCENT J. AIELLO, ESQ.
Nevada Bar No. 7970
LINDA K. WILLIAMS, ESQ.
Nevada Bar No. 12135
CHRISTINE R. FOX, ESQ.
Nevada Bar No. 15568
SONNY P. DEFREITAS, ESQ.
Nevada Bar No. 17184
SPENCER FANE LLP
300 South Fourth Street, Ste. 1600
Las Vegas, Nevada 89101
Tel: (702) 408-3400 | Fax: (702) 938-8648
Email: vaiello@spencerfane.com
lwilliams@spencerfane.com
cfox@spencerfane.com
sdefreitas@spencerfane.com
*Attorneys for Plaintiff*

**Spencer Fane LLP**
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702-408-3400 Fax: 702-938-8648

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIC BASU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KYLE REYES, an individual<br><br>Defendant. | Case No.: 2:26-cv-03468<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff ERIC BASU, an individual, by and through his counsel of record, Vincent J. Aiello, Esq., Linda K. Williams, Esq., and Sonny P. DeFreitas, Esq., of Spencer Fane LLP, and for his Complaint against Defendants alleges as follows:

**<u>PARTIES, JURISDICTION, AND VENUE</u>**

1. Plaintiff ERIC BASU ("Basu" or "Plaintiff") is an individual who, at all relevant times, resided in Clark County, Nevada. Basu is a former United States Navy Seal and the founder of the cybersecurity company Haiku, Inc. ("Haiku"), and is a respected entrepreneur whose professional reputation rests on his integrity and trustworthiness. Basu is a private individual. He has not voluntarily

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702-408-3400 Fax: 702-938-8648

injected himself into, and is not a public figure with respect to, any public controversy concerning the subject matter of the defamatory statements by Defendant Kyle Reyes.

2. Defendant KYLE REYES ("Reyes") is, on information and belief, an individual who, at all relevant times, resided in the state of Florida, Reyes authored and published the statements at issue in this action.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the action is between citizens of different States, Plaintiff Basu, a citizen of Nevada, and Defendant Reyes, a citizen of Florida, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Reyes because Reyes published the defamatory statements on LinkedIn, a publicly accessible, interactive platform viewable nationwide, including within the State of Nevada and this District. Reyes' defamatory statements were made to a Nevada audience and expressly aimed at Basu, a Nevada citizen and resident, knowing that the brunt of the harm would be suffered by Basu in Nevada, and read by, Basu's professional and business network in Nevada such that Reyes's tortious conduct was purposefully directed at, and caused harm within, this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims including the publication of the defamatory statements to a Nevada audience and the reputational and business harm suffered by Basu, a Nevada resident, occurred in this District.

## GENERAL ALLEGATIONS

6. Basu, following his military service, built a career as an entrepreneur in the cybersecurity industry. He is the founder of the cybersecurity company Haiku, and his professional standing depends upon the trust and confidence of investors, business partners, employees, and clients.

7. Defendant Reyes maintains a public profile on the professional networking platform LinkedIn, on which he publishes content to a broad professional audience.

8. On or about August 17, 2026, Reyes authored and published on LinkedIn a public feed post titled, in capital letters, “EXPOSE HIM” (the “Post”). The Post identified Basu by name and by his professional identity as a former United States Navy Seal and the founder of Haiku.

9. In the Post, Reyes made, among others, the following false statements of fact concerning Basu: (a) that Basu is a person who has “CONNED” numerous individuals; (b) that Basu “owes us over $500k”; (c) that Reyes possesses “documented proof about investor fraud (we watched him commit it), allegations of PPP fraud and much more”; (d) that Basu concealed information from his investors; and (e) that Basu’s son “ASSISTED with that investor fraud,” as to which Reyes claimed, “we’ve got the receipts.”

10. In the Post, Reyes further solicited third parties to publish additional accusations against Basu, asking, “Were you also victimized, scammed or conned by this man?” and inviting readers to “DM us your story.”

11. Each of the foregoing statements made by Reyes is false.

12. Basu has not defrauded anyone, has not committed investor fraud or PPP fraud, and has not conned or scammed Reyes or any other person.

13. The statements in the Post are not statements of opinion. They are assertions of objectively verifiable fact accusing Basu of specific criminal conduct, including fraud.

14. Reyes published the statements knowing they were false, or with reckless disregard for their truth or falsity. Reyes titled the Post “EXPOSE HIM,” claimed to possess “documented proof” and “receipts,” and asserted that he personally “watched him commit” fraud.

15. Publishing such accusations to a public professional audience, while soliciting others to amplify them, reflects actual malice and, at a minimum, negligence as to their falsity.

16. Reyes published the Post to third persons, and it was in fact read by third persons, on a public platform accessible to Basu’s professional community, including investors, business partners, and prospective business partners.

**Spencer Fane LLP**
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702-408-3400 Fax: 702-938-8648

Spencer Fane LLP
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702-408-3400 Fax: 702-938-8648

17. Reyes statements, upon information and belief, arose out of a private financial dispute between Reyes and Basu. Reyes published the Post to advance his own private interest, including Basu pay Reyes money he claims to be owed.

18. The statements in the Post were not privileged.

19. By letter dated August 20, 2026, Basu, through counsel, demanded that Reyes immediately cease and desist from making further defamatory statements, permanently remove the Post and related content, refrain from soliciting third parties to publish defamatory statements, and publish a written retraction. Reyes did not comply with those demands, and the Post and its defamatory statements have not been retracted.

20. As a direct and proximate result of Reyes's statements, Basu has suffered substantial injury to his reputation, damage to the goodwill of his businesses, impairment of his relationships with investors and business partners, and personal humiliation and distress. The statements have caused, and if not corrected will continue to cause, that injury.

**<u>FIRST CLAIM FOR RELIEF</u>**

**(Defamation Per Se as against Kyle Reyes)**

21. Plaintiff repeats and re-alleges each allegation of the preceding paragraphs above and incorporates the same as if set forth in full.

22. To establish defamation under Nevada law, a plaintiff must prove: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." Pope v. Motel 6, 121 Nev. 307, 315, 114 P.3d 277, 282 (2005); *see Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 851 P.2d 459 (1993).

23. In the Post, Reyes made false and defamatory statements of fact concerning Basu, including that Basu committed investor fraud and PPP fraud, that Basu "CONNED" and "scammed" people, and that Basu owes Reyes "over $500k," as set forth above.

24. Reyes published those statements to third persons on LinkedIn, a public professional

**Spencer Fane LLP**
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702-408-3400 Fax: 702-938-8648

platform, without privilege.

25. Reyes published the statements with knowledge of their falsity or with reckless disregard for their truth or falsity, and at a minimum negligently.

26. The statements are defamatory per se. A false statement that imputes the commission of a crime is defamatory per se and actionable without proof of damages. *See Pope*, 114 P.3d at 282. A false statement that tends to injure the plaintiff in his business or profession is likewise defamation per se, and damages are presumed. *See Chowdhry*, 851 P.2d at 462. Reyes's accusations that Basu committed criminal fraud, investor fraud, and PPP fraud fall within both categories.

27. Because the statements are defamatory per se, damages are presumed, and Basu is entitled to recover general damages for loss of reputation, shame, mortification, and hurt feelings without proof of actual harm. *See Bongiovi v. Sullivan*, 122 Nev. 556, 138 P.3d 433 (2006).

28. As a direct and proximate result of Reyes's defamatory statements, Basu has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000.00), to be proven at trial.

29. Reyes made the statements with oppression, fraud, or malice, entitling Basu to an award of punitive damages. *Bongiovi*, 138 P.3d at 450; Nev. Rev. Stat. § 42.005.

30. It has become necessary for Basu to retain the services of legal counsel to prosecute this action, and Basu is therefore entitled to recover his attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**(Defamation as against Kyle Reyes)**

31. Plaintiff repeats and re-alleges each allegation of the preceding paragraphs above and incorporates the same as if set forth in full.

32. Reyes made false and defamatory statements of fact concerning Basu, as set forth above.

33. Reyes published those statements to third persons without privilege.

34. Reyes acted with knowledge of the statements' falsity or with reckless disregard for their truth or falsity, and at a minimum negligently. *See Pope*, 114 P.3d at 282.

35. Basu has suffered actual and presumed damages as a result of the statements, including injury to his reputation, damage to the goodwill of his businesses, impairment of his relationships with investors and business partners, and personal humiliation and distress. *See Bongiovi*, 138 P.3d at 448.

36. As a direct and proximate result of Reyes's defamatory statements, Basu has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000.00), to be proven at trial.

37. Reyes made the statements with oppression, fraud, or malice, entitling Basu to an award of punitive damages. *See Bongiovi*, 138 P.3d at 450; Nev. Rev. Stat. § 42.005.

38. It has become necessary for Basu to retain the services of legal counsel to prosecute this action, and Basu is therefore entitled to recover his attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**

**(Injunctive Relief as against Kyle Reyes)**

39. Plaintiff repeats and re-alleges each allegation of the preceding paragraphs above and incorporates the same as if set forth in full.

40. Reyes's defamatory statements remain published and accessible to the public, and Reyes has refused to remove or retract them despite demand.

41. Reyes's continued publication of the defamatory statements, and his solicitation of third parties to publish further accusations, have caused and will continue to cause Basu irreparable harm to his reputation and business relationships for which monetary damages alone are inadequate.

42. Basu is entitled to injunctive relief, including an order requiring Reyes to remove the "EXPOSE HIM" post and all related defamatory content, and enjoining Reyes from making, publishing, or republishing statements concerning Basu that are adjudicated in this action to be false and defamatory.

43. It has become necessary for Basu to retain the services of legal counsel, and Basu is therefore entitled to recover his attorneys' fees and costs.

///

**Spencer Fane LLP**
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702-408-3400 Fax: 702-938-8648

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general and special damages, including presumed damages for defamation per se, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), to be proven at trial;

2. For punitive and exemplary damages in an amount to be proven at trial;

3. For preliminary and permanent injunctive relief requiring Reyes to remove the "EXPOSE HIM" post and all related defamatory content, and enjoining Reyes from making, publishing, or republishing statements concerning Basu that are adjudicated to be false and defamatory;

4. For reasonable attorneys' fees, plus costs of suit and service on all causes of action, and pre- and post-judgment interest and all special damages under FRCP 9(g); and

5. For such other and further relief as this Court may find to be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Eric Basu hereby demands a trial by jury on all issues so triable.

DATED this 22nd day of October, 2026.

**SPENCER FANE LLP**

By: */s/ Sonny P. DeFreitas*
Vincent J. Aiello, Esq. (NV BAR NO. 7970)
Linda K. Williams, Esq. (NV BAR NO. 12135)
Christine R. Fox, Esq. (NV BAR NO. 15568)
Sonny P. DeFreitas, Esq. (NV BAR NO. 017184)
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101
Tel: (702) 408-3400 | Fax: (702) 938-8648
Email: vaiello@spencerfane.com
lwilliams@spencerfane.com
cfox@spencerfane.com
sdefreitas@spencerfane.com

*Attorneys for Plaintiff*

**Spencer Fane LLP**
300 South Fourth Street, Suite 1600
Las Vegas, NV 89101-6019
Phone: 702-408-3400 Fax: 702-938-8648